UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-07-GWU

NELLIE FLETCHER, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Nellie Fletcher brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

07-07 Fletcher

        Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

    Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

07-07 Fletcher

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-07  Fletcher

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Fletcher, a 43 year-old former licensing clerk, gas station cashier, teacher's aide, and Wal-Mart cashier with a "limited" education,[1] suffered from impairments related to morbid obesity with exertional shortness of breath, degenerative arthritis of the lumbar spine, hypertension, arthritis pain/weakness in the left ankle and right shoulder, diminished vision, chest pains, gastroesophageal reflux disease, urinary stress incontinence, headaches, and diminished hearing. (Tr. 17, 20). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 19). Since the claimant's past work as a licensing clerk and gas station cashier could still be performed, the claimant could not be considered totally disabled. (Tr. 22). As an alternative, the ALJ noted a significant number of other jobs could also be performed. (Tr. 20).

---

[1]The plaintiff testified at the hearing that she had obtained a GED. (Tr. 260).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Fletcher could return to her past relevant work, the ALJ relied heavily upon the information provided by Vocational Expert Dwight McMillion. The hypothetical question presented to McMillion included such factors as an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to stand for more than a total of four hours in an eight-hour day in intervals of one hour; (2) an inability to perform prolonged walking; (3) an inability to sit for more than four to six hours a day in two-hour intervals; (4) an inability to more than occasionally push/pull with the lower extremities; (5) an inability to engage in frequent or sustained overhead work; (6) an inability to ever climb hills, slopes, or ladders; (7) a need to avoid work on uneven terrain; (8) a need to avoid exposure to unprotected heights; (9) an inability to more than occasionally climb stairs, steps or ramps, bend, stoop, balance, crouch and kneel; (10) an inability to perform prolonged squatting or crawling; (11) a need to avoid work around heavy moving machinery, excessive floor vibrations, jars, jolts and jostling; (12) an inability to operate mobile equipment or perform commercial driving; (13) an inability to operate foot controls or pedals with the left foot or ankle; (14) a need to avoid exposure to air pollutants, pulmonary irritants or allergens; (15)

a need to avoid exposure to temperature extremes or work in damp, humid conditions; and (16) an ability to wear corrective eyeglasses as needed. (Tr. 276-277). In response, the witness identified a significant number of jobs which could still be performed.[2] (Tr. 278). Therefore, assuming that the vocational factors considered by McMillion fairly characterized Fletcher's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Fletcher's condition. Dr. Mark Burns examined the plaintiff and opined that he had no restrictions with regard to sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking and traveling. (Tr. 167). The extensive limitations of the hypothetical question were certainly consistent with this opinion. Dr. Humilidad Anzures, a non-examining medical reviewer, opined that the claimant's physical problems were "less than severe." (Tr. 198). No treating or examining source of record, including the staff at Three Rivers Medical Center (Tr. 86-129, 159-163, 169-197, 235-241), the staff at King's Daughters' Medical Center (Tr. 130-132, 149-158) Sriharsha Velury (Tr. 133-148), Dr. Robert Browning (Tr. 199-205), Dr. Katherine Hoover (Tr. 206-231, 242-243), and the staff at the Highlands Regional Medical Center (Tr. 244)

---

[2]The vocational expert, while noting the exertional demands and skill levels of the jobs of licensing clerk and gas station cashier (Tr. 275), did not actually testify that these positions could be performed under the terms of the hypothetical question (Tr. 278). However, he did identify a significant number of other jobs and, so, any error is harmless.

identified the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Fletcher asserts that the ALJ erred by acting as his own medical advisor. The plaintiff notes that she underwent an MRI Scan of the lumbar spine on February 6, 2006 which was not seen by either Dr. Burns, the examining medical consultant, or the medical reviewer. Only the ALJ saw and interpreted this evidence. The claimant asserts that the ALJ should at least have sought the advice of a medical advisor. However, the plaintiff carried the burden of coming forward with sufficient evidence to prove her disability claim. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 214 (6th Cir. 1986). The MRI Scan was not accompanied by more severe physical limitations from a treating source than those found by the ALJ. The MRI Scan was interpreted by the Highlands staff, who reported that it revealed only a "minimal central disc bulging at L5-S1." (Tr. 244). The ALJ did not need to be a medical expert to see that this suggested little change from an earlier MRI Scan in May of 2002 which also showed minimal disc bulging. (Tr. 235). Fletcher cites as persuasive authority, the Seventh Circuit decision of Green v. Apfel, 204 F.3d 780 (7th Cir. 2000) in which the court found that the ALJ impermissibly acted as his own medical expert. The Green decision would appear to differ significantly on the facts from the present case because there did not

07-07  Fletcher

appear to be either a consultative examiner or a medical reviewer who had expressed a medical opinion concerning the plaintiff's condition, unlike the current case.  Under these circumstances, the Court finds Green unpersuasive.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 14th day of November, 2007.

Signed By:

G. Wix Unthank

United States Senior Judge